B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>JAMES LUTHER KING AND WIFE, VICKIE ALEXANDER KING | DEFENDANTS<br>JP MORGAN CHASE, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>WILLIAM S. GARDNER<br>302-1 E. GRAHAM ST.<br>SHELBY, NC 28150 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>X Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11- Recovery of money/property - §542 turnover of property
☐ 12- Recovery of money/property - §547 preference
☐ 13- Recovery of money/property - §548 fraudulent transfer
☐ 14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21- Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31- Approval of sale of property of estate and of a co-owner-§363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41- Objection / revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51- Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66- Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62- Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67- Dischargeability-§523(a)(4),fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61- Dischargeability - §523(a)(5), domestic support
☐ 68- Dischargeability - §523(a)(6), willful and malicious injury
☐ 63- Dischargeability - §523(a)(8), student loan
☐ 64- Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 63- Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71- Injunctive relief – reinstatement of stay
☐ 72- Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91- Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01- Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
X 02- Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) STAY VIOLATION

| Check if this case involves a substantive issue of state law | Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| Check if a jury trial is demanded in complaint | Demand   $TO BE DETERMINED BY THE COURT |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMES LUTHER KING AND VICKIE ALEXANDER KING | BANKRUPTCY CASE NO.<br>11-40105 | |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF NORTH CAROLINA | DIVISIONAL OFFICE<br>SHELBY | NAME OF JUDGE<br>J. CRAIG WHITLEY |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>WILLIAM S. GARDNER | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing a adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs this information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **KING, JAMES LUTHER** | **CHAPTER 13 NO. 11-40105** |
| | **KING, VICKIE ALEXANDER** | **OUR FILE NO. 13220** |

**ADDRESS:** **P.O. BOX 110**
**CAROLEEN, NC 28019**

**SSN:** **--- -- 8998 & --- -- 1375**

**DEBTOR(S).**
_____

**JAMES LUTHER KING and wife,**
**VICKIE ALEXANDER KING,**

    **PLAINTIFFS**      **ADVERSARY NO.: 14-**

**VS.**

**JP MORGAN CHASE, NATIONAL ASSOCIATION**
**as successor by merger to**
**CHASE HOME FINANCE, LLC,**

    **DEFENDANT**
_____

## COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY

### PRELIMINARY STATEMENT

  1. This is an action for actual and punitive damages filed by the debtors pursuant to Section 362(a) and (k) of the Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and the North Carolina Unfair and Deceptive Act and Practices Laws, G.S. Section 75-50 et seq., (hereinafter referred to as "Acts" and "UDAP").

  2. This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

### JURISDICTION AND VENUE

  3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

1

4.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Western District of North Carolina on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5.      This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

7.      The Plaintiffs in this case were and are debtors under Chapter 13 of Title 11 of the United States Code in case number 11-40105, which case is presently pending before this court. The Plaintiffs are hereinafter referred to as the plaintiffs or the debtors.

8.      The Defendant, JP Morgan Chase, National Association, as successor by merger to Chase Home Finance, LLC, ("Chase") is a corporation believed to be organized and existing under the laws of the State of Delaware with its principal place of business located at 270 Park Avenue, New York, New York.  Chase is the current servicer of the debtors' mortgage loan which is the subject of this action.

## FACTUAL ALLEGATIONS

9.      On or about April 23, 2001, the Plaintiffs and the female debtor's now deceased mother, Leola Alexander, executed a Deed of Trust in favor of Macon Savings Bank, Inc. SSB in the amount of $91,920.00.  The said Deed of Trust was recorded at Book 0623, Page 0098 of the Rutherford County Registry on April 23, 2001. Upon information and belief, the mortgage itself was executed solely by Leola Alexander.

10.     Upon information and belief, the subject debt was subsequently sold, transferred or assigned to Chase before the filing of the debtors' Chapter 13 case.

11.     The Chapter 13 case of the Plaintiffs was commenced by the filing of a voluntary petition with the Clerk of this Court on February 28, 2011. Chase was provided notice of the bankruptcy filing to two separate addresses; 3415 Vision Drive, Columbus, OH 43219 and 10790 Rancho Bernardo Road, San Diego, CA 92127 and the plan made provision for payment of the underlying mortgage debt.

12.     The 341(a) meeting of creditors was held in Shelby, North Carolina on April 8, 2011.

13.     The Chapter 13 plan of the Plaintiffs was subsequently confirmed by order of this Court dated July 8, 2011.

14.     The amended Chapter 13 plan as confirmed included a secured debt to Chase in the amount of $87,204.89 with the Trustee to make conduit payments under the plan in

the sum of $843.39 for the mortgage which was believed to have been current upon the filing of the instant case.

15.    On May 15, 2011, the debtors filed a Motion to Approve Physical Damage Insurance Settlement Regarding Residence for use of insurance proceeds relating to hail damage to be used for home repairs. The said motion was served on Chase at 3415 Vision Drive, Columbus, Ohio. The order approving this motion was entered on June 6, 2011.

16.    On July 14, 2011, the debtors filed a Motion to Enforce Order based on the failure of Chase to endorse the insurance check pursuant to the order of June 6, 2011, to allow the debtors to have their residence repaired. The hearing on the motion to enforce was held on August 26, 2011, and the Order Granting the Motion to Enforce was entered by this Court on September 8, 2011.

17.    Due to the failure of Chase to file a proof of claim in the instant case, the attorney for the debtors filed a proof of claim and required documentation on July 20, 2011, to allow Chase to receive payments pursuant to the terms of the confirmed plan. Since the filing of the claim by the debtors' attorney, Chase has received payments from the Chapter 13 Trustee totaling $27,559.86.

18.    On October 17, 2011, the debtors filed a second Motion to Enforce to compel Chase to comply with the prior two orders of the court relating to the insurance settlement funds as enumerated herein.

19.    On November 1, 2011, Chase by and through its attorney, Brian R. Anderson, filed a response and request for hearing relating to the second motion to enforce of the debtors. Subsequent to the filing of the response by Chase, the matter was settled and the funds were released to the debtors to allow for the necessary roof repairs. The debtors believe that the filing of documents and settlement of this matter as well as the failure of Chase to object to its treatment under their plan confers Chase's agreement to the same. The debtors also assert that Chase and its attorney were aware that Leola Alexander was deceased at the time that the insurance matter was resolved, if not before, as the settlement was solely in the names of the debtors.

20.    The debtors received a letter from Chase dated October 16, 2012, addressed to the female debtor's deceased mother, Leola Alexander, which indicated that the subject mortgage debt was in default in the total sum of $1,872.50 which was comprised of late payments due of $1,652.10, late fees assessed of $131.40 and other fees and advances of $89.00. The letter further indicated that a balance of $444.13 was being held in suspense and not applied to the mortgage balance. A copy of the said letter is attached hereto as Exhibit A and incorporated herein by reference.  The debtor subsequently received the same type letter dated January 5, 2013 indicating a default of $1,991.90, a letter dated February 5, 2013 showing a default of $2,044.74, a letter dated May 7, 2013 indicating a default of $2,059.17 and a letter dated July 17, 2013, indicating a default of $1,593.78.

21.    The debtors received a second letter from Chase dated October 16, 2012, addressed to Leola Alexander which was labeled "Acceleration Warning (Notice of Intent to Foreclose)." A copy of the subject letter is attached hereto as Exhibit B and incorporated herein by reference.  The debtors received the same type notices dated March, 13, 2013, July 11, 2013 and October 11, 2013. Copies of the additional notice can be provided as necessary.

3

22.     The debtors began receiving notice of assessments of late charges from Chase addressed to Leola Alexander on or before the letter dated January 9, 2013, reflecting the imposition of monthly fees of $26.28 being added to the subject mortgage account on December 17, 2012. A copy of the subject notice is attached hereto as Exhibit C and incorporated herein by reference.  The debtors received these same notices with the $26.28 late fee imposition on the following dates which may not be an exhaustive list of the assessments to the account: the 16th of each month in 2013 to include January, February, March, April, May, June, August and September.

23.     The debtors received a letter from Chase dated April 22, 2013, addressed to Leola Alexander which reflected a fee assessment of $14.00 for "COLLECTION INSPN." A copy of the letter is attached hereto as Exhibit D and incorporated herein by reference.

24.     The debtors began receiving on or before January 9, 2013, a mortgage statement from Chase addressed to Leola Alexander. A copy of the said statement is attached hereto as Exhibit E and incorporated herein by reference. The debtors received subsequent mortgage statements including, but not limited to, the following dates: January 22, 2013; February 11, 2013; April 5, 2013; April 22, 2013; May 9, 2013; May 22, 2013; June 7, 2013; June 22, 2013; July 22, 2013; September 9, 2013; September 23, 2013 and October 22, 2013. The statements reflect the assessments of late charges as well as the application of payments received from the Chapter 13 Trustee. Copies of the additional mortgage statements can be provided as necessary.

25.     The debtors began receiving on or before January 3, 2013, from Chase a mortgage assistance information letter addressed to Leola Alexander. A copy of the said statement is attached hereto as Exhibit F and incorporated herein by reference. The debtors received subsequent mortgage statements including, but not limited to, the following dates: February 4, 2013; March 6, 2014; May 4, 2013; August 2, 2013; September 3, 2013 and November 2, 2013. Copies of the additional mortgage assistance letters can be provided as necessary.

26.     The debtors began receiving on or before March 6, 2013, a letter from Chase regarding a loan default and forms to request mortgage assistance addressed to Leola Alexander. A copy of the said statement is attached hereto as Exhibit G and incorporated herein by reference. The debtors received subsequent mortgage statements including, but not limited to, the following dates: June 3, 2013; July 3, 2014 and October 3, 2013. Copies of the additional mortgage assistance letters can be provided as necessary.

27.     The claims of Chase are currently identified on the records of the Trustee as claim numbers 3 and 17.

28.     The Defendant, Chase, did not seek relief from stay before proceeding with these improper collection attempts.

29.     The Plaintiffs have been harassed and damaged by the Defendant's actions in that they have been and continue to be forced to expend their time and expenses and have feared losing their home.

**Claim for Relief
(Violation of the Automatic Stay)**

4

30.    The allegations in paragraphs 1 through 29 of this complaint are realleged and incorporated herein by this reference.

31.    The actions of the Defendant in causing the improper demands for payment to be sent to the debtors constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

32.    As a result of the above violations of 11 U.S.C. Section 362, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A.    That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B.    That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C.    That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D.    That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E.    That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated this the _____ day of February 2014.

_____

William S. Gardner
Gardner Law Offices, PLLC
Attorney for the Debtors/Plaintiffs
NC State Bar No. 32684
320-1 Graham St.
Shelby, NC 28150
Phone (704) 600.6113
FAX (888) 870.1644
e-mail:  billgardner@gardnerlawoffices.com

5